Green, J.
delivered the opinion of the court.
It has so frequently been holden by this court, that “one who undertakes, for a reward, to convey produce, or goods of any sort, from any place upon the river to another, becomes thereby liable as a common carrier,” that it is unnecessary to do more here than to refer to the cases. Craig vs. Childress, Peck’s Rep. 270: Johnson vs. Friar, 4 Yerger’s Reports, 48: Gordon and Walker vs. Buchanan and Porterfield, 5 Yer. Rep. 71. Sustaining the character of a common carrier, the boatman is liable to the owner of the goods for all losses not occasioned by the act of God, or the enemies of the country, and the burthen of proof is thrown upon him to show that the loss was occasioned in a manner that will exempt him from liability. Peck’s Rep. 271: 3 Munf. Rep. 239. And it is not enough for him to prove, that the navigation is attended with such danger, that a loss may happen, notwithstanding the utmost endeavors of the boatmen to prevent it. He takes the goods and engages to carry them, with a knowledge of these dangers, and is supposed to havé that in view in fixing the compensation he may demand for the carriage. Indeed, the carrier is regarded as being in the nature of an insu- *343 Ter. Forward vs. Pittard, 1 T. Reports, 27. But cerlain events may be specially provided against m the contract, and then the carrier will not be liable for them. Peck’s Rep. 271. So in the case'before us, the exception of the “dangers of the river” exempts the carrier from liability for those losses which could not have been prevented by human skill and foresight. 5 Yerg. Rep. 82. But it was incumbent upon the defendant to prove that the loss in this case did occur from such cause. Peck’s Rep. 271. All proof on his part was irrelevant, except that which would conduce to show that the loss was occasioned by the act of God or the enemies of the country, or the “dangers of the river. ” The legafsignification of these terms was correctly stated by. the circuit court? and the testimony which was offered to prove the custom of the merchants of Columbia was rightfully rejected. Such custom could not affect or in any wise alter the written contract of the parties, as contained in the bill of lading. The language employed in this instrument has a definite legal meaning, which the custom of Columbia could not change. Proof that the loss occurred from an unknown cause would not excuse the carrier. The loss having happened, he would be chargeable with it, unless he could show by proof, that it was produced by some cause which is within the exceptions made in his favor by the law, or contained in his contract. ■ Plainly, therefore, he could not have been excused by proving that it resulted from an unknown cause.
It was proved that the plaintiff was the owner of the cotton, therefore, the interest of the property being in him, he was entitled to the action. 2 Starkie, 331, 2, 3, 8. Let the judgment be affirmed.
Judgment affirmed.